IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wayne Baptiste, # 59460-004, | C/A No.: 1:10-2526-MBS-SVH |
| Petitioner, | |
| vs. | |
| | REPORT AND RECOMMENDATION |
| Mildred Rivera, Warden, | |
| Respondent. | |

Petitioner, a federal prison inmate housed at FCI-Estill, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. R. 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district judge. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual Background

Petitioner was convicted on drug-related charges in the Southern District of Florida on March 27, 2000 following a jury trial. On June 7, 2000, his guidelines sentence was enhanced under section 4B1.1 of the federal sentencing guidelines upon the finding that he was a career offender based, in part, on a prior conviction for carrying a concealed firearm. He was sentenced to 30 years incarceration and five years of probation.

Following his conviction, Petitioner pursued the following: 1) an unsuccessful direct appeal to the Eleventh Circuit Court of Appeals that concluded in 2005, *United States v. Baker*, 432 F. 3d 1189 (11th Cir. 2005);  2) an unsuccessful motion to reduce sentence under 18 U.S.C. § 3582 in the sentencing court in August 2008; 3) an unsuccessful motion to vacate pursuant to 28 U.S.C. § 2255 from November 2008 through March 2009 (dismissed as untimely); and (4) an unsuccessful motion to modify sentence from December 2009 until July 3, 2010, which was ultimately treated as a second, successive, unauthorized § 2255 motion.

In his motion to modify, Petitioner cited the same case law and makes the same "actual innocence" arguments relative to his career-offender enhancement as in his present § 2241 Petition in this court. [Entry #1].  The sentencing court finally denied both his second § 2255 motion and his motion to modify his sentence on July 3, 2010, when it adopted the Report and Recommendation of United States Magistrate Judge Andrea M. Simonton. *See United States v. Brown, et al.*, Case No. 1:99-cr-00125-KMM, (S.D. Fla. 2010).  Petitioner filed his § 2241 Petition in this court on September 24, 2010 by placing it in the outgoing mail at FCI-Estill. *See Houston v. Lack*, 487 U.S. 266 (1988).

According to Petitioner, his sentence is illegal because he is now "actually innocent" of the career-offender enhancement that was used in his sentencing because at least one of the state convictions used to apply the career-offender enhancement is no longer considered a crime of violence.  For his actual innocence claim, Petitioner cites *United States v. Archer*, 531 F. 3d 1347 (11th Cir. 2008), which held that a conviction

2

under Florida's concealed weapon statute was not a crime of violence as required to support a career criminal guidelines enhancement.[1] In response to the court's Special Interrogatories, Petitioner indicates that he did not apply to the Eleventh Circuit to request the opportunity to file a second or third motion under 28 U.S.C. § 2255 with the Southern District of Florida raising his present challenge to his sentence prior to submitting his § 2241 Petition to this court. [Entry #16]. He asks this court to "grant a resentencing without such a designation as being a career offender." [Entry #1].

II.     Discussion

   A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

---

[1] As stated above, Petitioner also cited *Archer* to the sentencing court in his most recent motion to modify his sentence. The sentencing court informed Petitioner that it would not consider his arguments because he had not obtained authorization from the Eleventh Circuit to file a second § 2255 motion, and further held that his argument would fail on the merits because the quantity of drugs found attributable to him alone would support his sentence without the enhancement. *See* Entry # 1161 in *United States v. Brown, et al.*, Case No. 1:99-cr-00125-KMM, (S.D. Fla. 2010).

3

This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *Erickson v. Pardus*, 551 U.S. 89 (2007). When a court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition is subject to summary dismissal.

B.   Analysis

In this Petition, Plaintiff is attacking the validity of his sentence, which is a claim that should normally be brought under 28 U.S.C. § 2255, unless Plaintiff can satisfy the savings clause of § 2255. *See San-Miguel v. Dove*, 291 F.3d 257, 260–61 (4th Cir. 2002). The savings clause states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The fact that relief has become unavailable under § 2255 because of the prohibition against successive petitions does not demonstrate that the § 2255 remedy is inadequate or ineffective. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). For a § 2255 motion to be inadequate or ineffective to test the legality of a conviction, Plaintiff must satisfy the test provided in *In re Jones*, 226 F.3d 328 (4th Cir. 2000), which requires that: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law. *Id*. at 333–34.

Plaintiff cannot satisfy all the elements of this test. Specifically, the second element of the test requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." However, this statement has not been extended to include sentencing calculations made pursuant to the Sentencing Guidelines or even as to the armed career criminal statutory provision. *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"); *see also United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to

those petitioners challenging only their sentence.") (citing *In re Jones*, 226 F.3d at 333–34). Accordingly, Plaintiff has not raised a claim that may be presented in a § 2241 petition, and he has not demonstrated that he has been granted authorization from the Eleventh Circuit to file a successive § 2255 petition in the Southern District of Florida. Numerous recent cases from judges in this district support the conclusion that "actual innocence" of enhanced sentences claims are not cognizable under § 2241 in this Circuit. *See, e.g.*, *Riddle v. Mitchell*, No. 9:10-0084-JFA-BM, 2010 WL 1727862 (D.S.C. Apr. 27, 2010); *Chestnut v. Mitchell*, No. 9:09-03158-RBH, 2010 WL 569577 (D.S.C. Feb. 12, 2010); *United States v. Kelley*, No. 3:04-998-CMC, 2010 WL 5140593, *3–5 (D.S.C. Dec. 13, 2010).

III.    Conclusion

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed without prejudice and without issuance and service of process upon Respondent.

IT IS SO RECOMMENDED.

April 6, 2011                                                  Shiva V. Hodges
Florence, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**